United States District Court
Southern District of Texas
**ENTERED**
October 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Torrin Williams, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-1694 |
| | § | |
| Capital Fund I, LLC | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Before the Court is Plaintiff Torrin Williams' ("Plaintiff") Emergency Motion for Temporary Restraining Order and Temporary Injunction (Doc. No. 11). Defendant Capital Fund I, LLC, ("CAP I") responded (Doc. No. 12). Having considered the briefs and applicable law, the Court hereby **DENIES** Plaintiff's Motion.

### I.   Background

Plaintiff filed this lawsuit on April 27, 2023, alleging violations of the Texas Deceptive Trade Practices Act (Tex. Bus. & Com. Code Ann. § 17.46). (Doc. No. 1). The suit was subsequently removed by CAP I based upon diversity jurisdiction. (*Id.*) Plaintiff later amended the complaint to allege violations of 18 U.S.C. §241, 18 U.S.C. §242, unspecified provisions of the IRS Code, 42 U.S.C §1988, and 42 U.S.C. §1983. (Doc. No. 10). In the amended complaint, Plaintiff named CAP I, opposing counsel Travis Gray, and Harris County Court of Law Judge Jim Kovach as defendants. (*Id.*). Plaintiff filed this Emergency Motion on October 10, 2023, and CAP I filed its Response that same day. CAP I also filed a Motion to Dismiss on October 11, 2023, (Doc. No. 13) that remains pending.

This case arises out of an eviction proceeding in Texas state court. CAP I, as lender, extended a business loan to Plaintiff in the amount of $350,000.00 on July 16, 2021. (Doc. No. 12-1). As security for the loan, Plaintiff executed a Deed of Trust on a certain parcel of real property located on Flack Dr. ("Subject Property"). Plaintiff defaulted on the loan, and CAP I obtained a state court judgment on September 12, 2023 (Doc. No. 12-5). This judgment awarded CAP I the right to take possession of the Subject Property. Plaintiff now asks this Court for emergency relief staying the state court proceeding and eviction.

## II.     Legal Standard

A party seeking a TRO generally must show "(1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction is not granted, (3) that the injury outweighs any harm to the other party, and (4) that granting the injunction will not disserve the public interest." *Brock Servs., L.L.C. v. Rogillio*, 936 F.3d 290, 296 (5th Cir. 2019).

However, before this Court can address the four-factor test for a TRO, it must analyze whether the Anti-Injunction Act bars this Court from granting Plaintiff's request for injunctive relief. *See James v. Par.*, No. CV 22-5233, 2022 WL 17830464 (E.D. La. Dec. 21, 2022).

## III.    Anti-Injunction Act

Federal courts are statutorily prohibited from enjoining state court proceedings, except in very limited circumstances. *See* 28 U.S.C. § 2283 ("Anti-Injunction Act"). Specifically, the Anti-Injunction Act states that: "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Id.* The Anti-Injunction Act's prohibition of federal injunctive power over litigants in state court proceedings rests, in part, on

the "fundamental constitutional independence of the States and their courts." *Tex. Emp'rs Ins. Ass'n v. Jackson*, 862 F.2d 491, 497 (5th Cir. 1998) (en banc) (internal quotations omitted).

According to the Fifth Circuit, the "the hands-off doctrine expressed in Section 2283 is to be considered in the light of the function of Section 2283 as a pillar of federalism." *Id.* (internal quotations omitted). "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme Court]." *Atl. Coast Line R.R. Co. v. Bhd. Of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). Importantly, the Anti-Injunction Act "applies to restraints on private parties as well as those imposed directly on a state court." *Henry v. First Nat'l Bank of Clarksdale*, 595 F.2d 291, 300 (5th Cir. 1979).

The Fifth Circuit has applied the Anti-Injunction Act in a case with nearly identical facts. *See Knoles v. Wells Fargo Bank, N.A.*, 12-40369, slip op. (5th Cir. Feb. 19, 2013) (not designated for publication). In *Knoles*, the borrower sought injunctive relief in federal court after Wells Fargo foreclosed on his property and initiated post-foreclosure eviction proceedings in state court. *See id.* at 1-2. The Fifth Circuit affirmed the federal district court's holding that it lacked authority to grant the borrower's request for injunctive relief. *See id.* at 1. Among other reasons, the Fifth Circuit held that federal courts lacked authority because the borrower's attempt to enjoin the eviction was barred by the Anti-Injunction Act and did not fall within one of the narrow exceptions to that Act. *See id.* at 5 ("The relief sought, in practical effect, would enjoin Wells Fargo from enforcing a valid extant judgment of a Texas court. The district court is denied jurisdiction to grant that relief by the Anti-Injunction Act, 28 U.S.C. § 2283.").

Here, the Court notes that Plaintiff's Amended Complaint (Doc. No. 10) alleges constitutional violations pursuant to 42 U.S.C. § 1983. As an initial matter, two of the three named

3

defendants—CAP I and attorney Travis Gray—are clearly not state actors and cannot be liable under § 1983. *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989). By contrast, the third named defendant—Judge Jim Kovach—may be a state actor for purposes of § 1983. Considering Plaintiff may have one viable § 1983 claim, the Court must address the Anti-Injunction Act exceptions.

The Supreme Court has recognized an exception to the Anti-Injunction Act that allows federal courts to enjoin state court proceedings in Section 1983 cases. *Mitchum v. Foster*, 407 U.S. 225 (1972). Moreover, the Supreme Court in *Pulliam v. Allen* held that judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in his judicial capacity. *Pulliam v. Allen*, 466 U.S. 522 (1984). Nevertheless, as the Fifth Circuit recently noted, "Congress abrogated *Pulliam* in 1996 when it amended section 1983." *Machetta v. Moren*, 726 Fed. Appx. 219, 220 (5th Cir. 2018). The amendment "modifies the cause of action against government actors who violate constitutional rights by adding an exception that 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" *Id.* Therefore, unless one of the listed exceptions applies, Plaintiff does not state a cause of action under § 1983 as to the requested injunctive relief. Plaintiff does not allege that either of these exceptions applies, nor does Plaintiff specify which provision of the Constitution is believed to have been violated. Accordingly, Plaintiff has not demonstrated that the request for an injunction falls within an exception to the Anti-Injunction Act.

Applying this precedent to the case at hand, this Court finds that it does not have authority to grant the relief requested by Plaintiff under the Anti-Injunction Act. Plaintiff asks that this Court grant immediate temporary relief in the form of an order staying all proceedings (including

4

eviction) in a separate, Texas court proceeding. Given the precedent cited above and the nature of the relief requested, the Court does not have the statutory authority to grant Plaintiff's request.

### IV. Conclusion

As a result, the Court need not address the four-factor test for a TRO. Plaintiff's Emergency Motion for Temporary Restraining Order and Order Staying Proceedings is **DENIED**.

Signed at Houston, Texas, this 13th day of October, 2023.

Andrew S. Hanen
United States District Judge