Case 4:23-cv-01694   Document 19   Filed on 05/31/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 31, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TORRIN WILLIAMS, § | |
| § | |
| *Plaintiff*, § | |
| v. § | CIVIL ACTION NO. 4:23-cv-1694 |
| § | |
| CAPITAL FUND I, LLC § | |
| § | |
| *Defendant*. § | |

### ORDER

Pending before the Court is Defendant Capital Fund I LLC's ("Defendant") Emergency Motion to Cancel *Lis Pendens*. (Doc. No 17). Defendant requests expedited consideration of its motion because Plaintiff's *lis pendens* notice was filed *after* this Court had granted dismissal and because the *lis pendens* is jeopardizing a pending sale of the Property.

Defendant contends that, under Texas Law, Plaintiff's *lis pendens* is improper because it was filed the day after this Court dismissed the referenced lawsuit. Thus, the *lis pendens* can no longer be operable because it should terminate with the judgment.

Plaintiff's *lis pendens* cites to the lawsuit in the 164th Judicial District, Cause No. 2023-26308. (Doc. No. 17-2). This is the state court action that, upon removal, became the above styled case. This state court lawsuit is the only lawsuit noticed by the *lis pendens*.[1] Plaintiff submitted the *lis pendens* on February 9, 2024—the day after this Court dismissed Plaintiff's lawsuit with prejudice.

---

[1] The Court notes this because Plaintiff has another federal lawsuit pending in Civil Action 4:23-cv-3491, which is pending before Judge Hanks. The *lis pendens* at issue here, however, cites neither this second federal lawsuit nor its prior state court counterpart (189th District Court, Harris County 23-60638). Therefore, this Court, as presider over the relevant lawsuit, is the proper venue for expunging the *lis pendens* at issue under Tex. Prop. Code § 12.0071. It takes no position on any issue pending in the 4:23-cv-3491 action.

A *lis pendens* does not operate as a lien on property. *In re Miller*, 433 S.W.3d 82, 85 (Tex. App.—Houston [1st Dist.] 2014, no pet.). It instead is a means of providing notice of the pendency of an action involving real estate and may have the effect of protecting the filing party's alleged rights to the property that are in dispute in the litigation. *Id.* A *lis pendens* is not an independent cause of action and has no existence separate and apart from the litigation of which it provides notice. *Id.* A notice of *lis pendens*, therefore, "operates only during the pendency of the lawsuit **and terminates with the judgment**, in the absence of appeal." *Berg v. Wilson*, 353 S.W.3d 166, 180 (Tex. App.—Texarkana 2011, pet. denied) (emphasis added).

Once a notice of *lis pendens* has been filed, the Texas Property Code provides two methods for removal of the *lis pendens*: (1) expunction of a notice of *lis pendens* under section 12.0071; and (2) cancellation of a *lis pendens* under section 12.008. *See* Tex. Prop. Code Ann. §§ 12.0071, 12.008. Though Defendant does not cite to this statute, Defendant seeks to expunge Plaintiff's notice of *lis pendens* pursuant to section 12.0071. Section 12.0071 identifies the following three circumstances in which the trial court presiding over the action in which a *lis pendens* is filed must "order the notice of *lis pendens* expunged" upon request by a party to the action in connection with which the notice of *lis pendens* has been filed:

> (1) the pleading on which the notice is based does not contain a real property claim;
>
> (2) **the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim**; or
>
> (3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under Section 12.007(d).

*Id.* § 12.0071(c)(1)-(3) (emphasis added).

The Court concludes that it has authority under section 12.0071 to rule on Defendant's request to expunge Plaintiff's notice of *lis pendens*, even though the case was initially filed in state court and removed to federal court based on diversity jurisdiction. *See e.g., Naddour v. Nationstar*

*Mortg., LLC*, No. 3:11–CV–1096–B, 2012 WL 4473127, at *1, 7 (N.D.Tex. Sept. 27, 2012) (granting the defendants' motion to expunge the *lis pendens* filed by the plaintiff with respect to real property at issue in a mortgage foreclosure case that was removed to federal court), *aff'd,* 553 F. App'x 435 (5th Cir. 2014).

Subsection 12.0071(c)(2) is most applicable, given that the claim at issue here was related to real property (wrongful foreclosure). Considering that the Court dismissed Plaintiff's claim in the lawsuit noticed in the *lis pendens* (Doc. No. 16), the Court concludes that Plaintiff has failed to establish by a preponderance of the evidence the probable validity of the real property claim; therefore, the Court hereby grants Defendant's motion to expunge Plaintiff's *lis pendens*. *See W&L Ventures, Inc. v. East West Bank*, No. CIV.A. H-13-00754, 2014 WL 3810692 (S.D. Tex. Aug. 1, 2014) (expunging *lis pendens* under section 12.0071(c)(2) after the court had dismissed the foreclosure actions with prejudice).

Defendant's motion to expunge the *lis pendens* is granted. To obtain the expungement, Defendant must comply with the Texas Property Code procedures for doing so; this Court's order does not itself expunge the *lis pendens*. *See Naddour v. Nationstar Mrtg.*, LLC, No. 3:11–CV–1096–B, 2012 WL 4473127, at *7 (N.D.Tex. Sept.27, 2012). By granting the motion, this Court hereby determines that the *lis pendens*, recorded in the real property records of Harris County, Texas at Doc.RP-2024-51113 is canceled and expunged. A copy of this order may be filed with the appropriate authority in Harris County, Texas.

Signed at Houston, Texas, this 31st day of May, 2024.

Andrew S. Hanen
United States District Judge

3